### F. B. HARVEY v. THE STATE.

No. 4255.   Decided June 19, 1909.

Rehearing denied October 13, 1909.

**1.—Wilfully Exposing Person—Former Jeopardy—Appeal.**

Where the case on which the plea of former conviction rested had been appealed from and was pending on appeal, the plea of former conviction could not be legally interposed.

**2.—Same—Charge of Court—Other Transactions.**

Where, upon trial of wilfully exposing person, the defense claimed an unintentional or accidental exposure of his person, whereupon the State introduced in evidence other similar acts of the defendant, a charge of the court that the jury could only consider the evidence of other acts as bearing on the intent of the defendant was proper, and not on the weight of the evidence.

Appeal from the County Court of Knox. Tried below before the Hon. J. H. Milam.

Appeal from a conviction of wilfully exposing person, etc.; penalty, a fine of $10.

The opinion states the case.

*J. S. Kendall* and *Jas. A. Stephens,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Knox County on a charge of exposure of his person in a manner calculated to disturb the inhabitants in a private residence.

When the case was called appellant interposed the plea of former jeopardy, alleging in substance that he had been convicted for a transaction involving the same offense as that for which he was then called to answer. The plea is well prepared and on the trial appellant offered evidence to sustain same, which was by the court rejected. This evidence would have been admissible except for the fact that the court certified that cause No. 620, State of Texas v. Harvey, upon which the plea of former conviction rested had been appealed from and was pending on appeal in this court. Under all the authorities this was not a final judgment, or such a judgment as would furnish a basis for a plea of former conviction.

Upon the trial appellant undertook to show that the exposure of his person, if there was such exposure, was unintentional and accidental. In this state of the testimony proof was admitted of other similar acts which had been complained of by Thompson, near whose house such indecent exposure occurred. On the trial the court charged the jury, among other things, as follows: "The evidence introduced in this case of acts of the exposure of the person of the defendant other than the act charged in the information you can not consider as substantive evidence as to the guilt of the defendant, but it can only be considered as bearing on the intent of the defendant, and you can not consider it for any other purpose." This charge of the court is complained of and criticised in that as alleged it is a charge on the weight of the evidence and called the attention of the jury to the fact that the defendant had committed other exposures of the person, and because the word "substantive" as used in said charge in defining the limitation placed on said testimony was calculated to mislead the jury, said word meaning "solid, depending on

itself," thereby conveying to the jury the idea that the court believed there was sufficient evidence in the cause to authorize a conviction without the aid of such evidence. We think the facts required such a charge as that given by the court and that it is not subject to any serious objections. It expressly stated the purpose for which this evidence was admitted and for which it was intended, and tells the jury they can not consider it for any other purpose. The objection is not substantial, we think.

The only other matter worthy of consideration is the contention that the verdict is not supported by the evidence. We think there was ample evidence on which to rest the verdict of the jury.

Finding no error in the record it is ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied October 13, 1909.]