McINTOSH, Judge, v. WATTS. (No. 655.)

Court of Civil Appeals of Texas. Waco.
April 19, 1928.

**1. Mandamus ☞61—County court may not control prosecution for assault in corporation court, by mandamus, except to enforce its appellate jurisdiction (Code Cr. Proc. 1925, arts. 57, 64).**

Jurisdiction of county court over charge of simple assault prosecuted in corporation court, being appellate only, under Code Cr. Proc. 1925, arts. 57, 64, county court has no authority to control, by mandamus or otherwise, proceedings in such court or actions of judge thereof, whether ministerial or otherwise, except for purpose of enforcing such appellate jurisdiction.

**2. Mandamus ☞154(4)—Petition for mandamus must show that applicant is entitled to service to be performed.**

Writs of mandamus are extraordinary remedies, and, when invoked for purpose of compelling performance of some official duty involved by law, it must clearly appear from petition that applicant is entitled to service which he seeks to have performed.

**3. Mandamus ☞154(2)—Petition for mandamus should not only aver facts essential to show right, but should also negative facts which officer might urge as excuse.**

Petition for mandamus, in order to be free from objection, should not only aver every fact essential to show right to service sought, but should also negative every other fact which officer might urge as legal excuse for not performing service demanded.

**4. Mandamus ☞164(4)—Propriety of issuing mandamus is determined by allegation and proof of facts which show affirmatively that, under circumstances, officer is legally bound to perform.**

Propriety of issuing writ of mandamus is not determined by defense which official may interpose, but by allegation and proof of facts which show affirmatively and clearly that, under particular circumstances, he is legally bound to perform service.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Criminal law ⇒168—Dismissal in prosecution for simple assault, although erroneous, held bar to subsequent enforcement of any demand arising from such prosecution.**

In prosecution for simple assault where no judgment of conviction was ever entered against defendant, but his plea of guilty was set aside and case dismissed and defendant set at liberty, *held*, that such judgment of dismissal was effectual bar to subsequent enforcement of any demand against defendant for payment of fine imposed and costs accruing in such prosecution either by execution against his property or by seizure and imprisonment of his person, regardless of how erroneous such judicial action may have been.

**6. Mandamus ⇒61—County court held without jurisdiction to control, by mandamus, action of corporation court in prosecution for assault after judgment of dismissal (Code Cr. Proc. 1925, arts. 57, 64).**

Where county court awarded mandamus against judge of corporate court ordering him to enter said court's judgment of conviction of simple assault against defendant and to file and approve appeal bond presented by defendant after corporation court had entered judgment of dismissal on defendant's plea of guilty, *held*, that such court was without jurisdiction, since, under Code Cr. Proc. 1925, arts. 57, 64, it had but appellate jurisdiction over corporation court, and from judgment of dismissal there is no appeal.

**7. Mandamus ⇒167—Where defendant applying for mandamus to compel entry of judgment and approval of appeal bond failed to allege and prove tender of bond to corporation court, county court was without jurisdiction (Code Cr. Proc. 1925, arts. 833, 834).**

Where defendant seeking mandamus to compel corporation court to enter judgment of conviction against him and approval of appeal bond failed to allege and prove that appeal bond provided by Code Cr. Proc. 1925, arts. 833, 834, was tendered to judge of corporation court, *held*, that county court was without jurisdiction to grant mandamus.

**8. Mandamus ⇒10—Mandamus, being discretionary, will not be awarded to determine barren technical right.**

Writ of mandamus, being discretionary, will not be awarded for mere purpose of determining empty and barren technical right on part of petitioner.

**9. Mandamus ⇒16(1)—Mandamus should not be issued to compel entry of conviction in corporation court and filing of appeal bond since judgment so entered would be thereby vacated (Code Cr. Proc. 1925, art. 837).**

Where defendant asked that mandamus be issued compelling judge of corporation court to enter judgment of conviction and approve and file bond tendered and transmit proceedings to county court, *held*, that mandamus should not be issued since judgment so entered would be thereby vacated by voluntary action of defendant, under Code Cr. Proc. 1925, art. 837, providing that on appeal from corporation court to county court trial shall be de novo.

**10. Criminal law ⇒178.—Arraignment, plea of guilty, and assessment of penalty, though set aside by erroneous judgment of dismissal, constitute "jeopardy" as to charge and may be so pleaded.**

Arraignment on charge of simple assault, plea of guilty, and assessment of penalty thereon by judge of corporation court, even though subsequently erroneous judgment of dismissal is entered, constitute "jeopardy" as to charge of simple assault and may be pleaded as such.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jeopardy.]

**11. Mandamus ⇒16(1)—Mandamus should not be awarded to compel entry of judgment to form basis of plea of former jeopardy or res judicata, when such plea may be sustained on record.**

Mandamus should not be awarded to compel entry of judgment to form basis of plea of former jeopardy, former conviction, or res judicata, when such plea may be sustained on the record without such entry.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Mandamus by M. H. Watts against J. G. McIntosh, Judge of the Corporation Court of the City of Mexia, in Limestone County. Writ granted, and defendant appeals. Dismissed.

Walters & Kidd, of Mexia, for appellant.

Rennolds & Rennolds, of Mexia, for appellee.

GALLAGHER, C. J. This suit was instituted in the county court of Limestone county by appellee, M. H. Watts, against appellant, J. G. McIntosh, judge of the corporation court of the City of Mexia, in said county, for a writ of mandamus commanding and requiring appellant to enter on the records of said court a judgment of conviction against appellee on a plea of guilty to a charge of simple assault; to approve and file a purported appeal bond tendered by appellee for the purpose of transferring said case from said court to the county court for trial de novo; and to prepare a transcript of all proceedings in said corporation court and transmit the same, together with all the original papers, to said county court.

The facts show that appellee was charged by complaint in said corporation court with simple assault on the person of his wife; that he appeared in person before appellant, the judge of said court, and entered a plea of guilty to said charge; that said appellant assessed his punishment at a pecuniary fine, which, together with costs accrued, amounted to the sum of $15.70; that no judgment of conviction was entered on the record of said court; that thereafter appellant was informed that a complaint charging appellee with the offense of assault to murder, al-

leged to have been committed on the person of his wife, had been filed against him before a magistrate; that said charge was based on the same transaction upon which said charge of assault was based; that he determined that it was improper to permit appellee to pay a fine for simple assault when such payment would be no defense to a charge and conviction for a higher grade of offense growing out of the same transaction; that he decided to set aside appellee's plea of guilty and dismiss the case against him; that he did so and entered a judgment of dismissal on the records of said court; that appellee's attorney presented to appellant an appeal bond for the purpose of removing said prosecution for assault from the corporation court to the county court for trial de novo; that the sureties on said bond were sufficient, but that appellant refused to approve and file the same because he had dismissed, or had determined to dismiss, the charge of assault to which appellee had pleaded guilty in said court. Subsequently appellee was required by the magistrate before whom said charge was pending to give bond for his appearance before the district court to answer said accusation. Thereafter an indictment based on said transaction was returned against appellee by the grand jury, but whether for assault with intent to murder or for aggravated assault does not clearly appear. All this occurred prior to the hearing herein.

The court heard appellee's petition at a regular term and rendered a judgment awarding a mandamus against appellant, ordering and requiring him to enter on the records of said court a judgment of conviction against appellee on a plea of guilty to simple assault, to file and approve the appeal bond presented to him by appellee, and to make out a transcript of the judgment so entered and forward the same, with all the papers in said case, to the county court. From such judgment this appeal is prosecuted.

## Opinion.

[1] Appellant by appropriate propositions contends that neither appellee's pleadings nor the evidence in the case is sufficient to show that the court had jurisdiction of the cause of action asserted in appellee's petition and to grant the relief sought by appellee and awarded by the judgment rendered herein. The jurisdiction of the county court over the charge of simple assault, to which appellee pleaded guilty in the corporation court, was appellate only. Code of Criminal Procedure 1925, arts. 64 and 57. Except for the purpose of enforcing such appellate jurisdiction, the county court had no authority to control, by mandamus or otherwise, the proceedings in said court or the action of the judge thereof, whether ministerial or otherwise. Johnson v. Hanscom, 90 Tex. 321,

322, 37 S. W. 601, 38 S. W. 761; De Witt County v. Wischkemper, 95 Tex. 435, 436, 437, 67 S. W. 882; Berume v. Hughes (Tex. Civ. App.) 275 S. W. 268, 270, par. 2. Article 833 of said Code provides that, in case of an appeal from a judgment of the corporation court, the defendant shall be committed to jail unless he give bond with sufficient security to be approved by the court in double the amount of fine and costs adjudged against him, but in no event in a penal sum less than $50, which bond shall be payable to the state of Texas, shall recite that the defendant has been convicted in said case and has appealed, and shall be conditioned that the defendant shall make his personal appearance before the court to which such appeal is taken and there remain from day to day, and term to term, to answer said charge in said court. Article 834 of said Code provides that when such an appeal bond, that is, one conforming to the requirements of said article 833, is filed with such judge, the appeal shall be held to be perfected. Article 837 of said Code provides that in all appeals from the corporation court to the county court the trial shall be de novo, the same as if the prosecution had been originally commenced in said court. The necessary effect of appealing from a conviction in a corporation court is to vacate the judgment of conviction rendered against the defendant therein and transfer the charge against him for trial in the county court, as though originally filed therein. We do not think the record presented is sufficient to show that the appellate jurisdiction of the county court ever attached in this case.

[2-4] The essential requirements of a petition for mandamus to compel the performance of an alleged official duty by a public officer are stated in Johnson v. Elliott (Tex. Civ. App.) 168 S. W. 968, 972 (writ refused), as follows:

"There is still another reason which we think justified the court below in dismissing the application for this writ of mandamus. Such writs are extraordinary remedies, and, when invoked for the purpose of compelling the performance of some official duty enjoined by law, it must clearly appear from the petition that the applicant is entitled to the service which he seeks to have performed. Ry. Co. v. Randolph, 24 Tex. 333; Watkins v. Huff [Tex. Civ. App.] 63 S. W. 922, and cases there cited. The petition, in order to be free from objection, should not only aver every fact essential to show the right to the service sought, but should also negative every other fact which the officer might urge as a legal excuse for not performing the service demanded. In granting a writ against a public official, seeking to compel the performance of a public duty about which the officer may have no personal concern, the court must be fully advised on the subject.

"The propriety of issuing the writ is therefore not to be determined by the defense which the official may interpose, but by the allegation and proof of facts which show affirmatively and

clearly that under the particular circumstances he is legally bound to perform the service. The duties of the court would be none the less imperative if the officer failed to set up any defense whatever. It is not a matter which he can waive."

[5, 6] The record in this case shows affirmatively that no judgment of conviction was ever entered against appellee, but, on the contrary, that his plea of guilty was set aside, the case dismissed, and appellee set at liberty. We think such judgment of dismissal was effectual to bar the subsequent enforcement of any demand against appellee for the payment of the fine imposed and the costs accrued in such prosecution either by execution against his property or by seizure and imprisonment of his person, regardless of how erroneous such judicial action may have been. From a judgment dismissing a criminal case in which the defendant stands charged with an offense against the penal laws of this state, no appeal lies. Ryan v. State, 81 Tex. Cr. R. 632, 198 S. W. 582, 583.

[7] There is another reason why we think the record fails to show that the appellate jurisdiction of the county court ever attached. No copy of the purported appeal bond is attached as an exhibit to the pleadings in this case, nor are the contents thereof alleged in appellee's petition. Neither is such bond found in the statement of facts nor the contents thereof recited therein. The burden was on appellee to allege and prove that the appeal bond tendered by him to appellant for approval complied substantially with the essential requirements of the article of the Code of Criminal Procedure above referred to. On the acceptance and approval of an appeal bond by the judge of a corporation court, the defendant tendering the same is discharged from confinement and set at liberty during the pendency of such appeal. Clearly, the judge of such court should not be required to approve an appeal bond, unless it complies substantially with the requirements of said Code and is sufficient to authorize a forfeiture thereof upon breach of its conditions, and to support a recovery of the penalty stipulated therein against the defendant and his sureties on scire facias, regardless of the sufficiency of such sureties from a financial standpoint. Appellee failed to discharge the burden so imposed.

[8, 9] Appellant, as a further ground for reversal, contends that the court erred in granting the writ of mandamus herein because such writ will be of no practical or substantial benefit to appellee. Appellee alleged as ground for the granting of said writ his legal right to plead his conviction in said corporation court of the offense of simple assault in bar of conviction for such offense if put upon trial for a higher grade of assault growing out of the same transaction. The rule is well established that the writ of mandamus, being a discretionary writ, will not be awarded for the mere purpose of determining an empty and barren technical right on the part of the petitioner. Atlantic Producing Co. v. Jackson, 116 Tex. 570, 296 S. W. 283, 284; Hume v. Schintz, 90 Tex. 72, 74, 36 S. W. 429. If appellant were required to enter a judgment of conviction against appellee nunc pro tunc, approve and file the bond tendered, and transmit a transcript of the proceedings, together with the original papers, to the county court, the judgment so entered would be thereby vacated by the voluntary action of appellee, and such judgment would be no longer available as a basis for a plea of former jeopardy. Dupree v. State, 56 Tex. Cr. R. 562, 120 S. W. 871, 872, 873, 23 L. R. A. (N. S.) 596, 133 Am. St. Rep. 998; Id., 56 Tex. Cr. R. 387, 120 S. W. 875; Harvey v. State, 57 Tex. Cr. R. 5, 121 S. W. 501, 136 Am. St. Rep. 971.

[10, 11] Even if the action of the judge of the corporation court in setting aside appellee's plea of guilty and the fine imposed in pursuance thereof, without his consent, was void as an unwarranted exercise of judicial authority—an issue which need not be determined—appellee could not be injured thereby. In such event his arraignment on said charge, his plea of guilty thereto, and the assessment of a penalty thereon by the judge of the corporation court constituted jeopardy as to the charge of simple assault and may be pleaded as such. 16 C. J. 258, § 428; State v. Adams, 11 S. D. 431, 78 N. W. 353. Even where the court has jurisdiction, mandamus should not be awarded to require the entry of a judgment as a basis for a plea of res judicata, former conviction, or former jeopardy, when such plea may be sustained on the record presented without such an entry. Hume v. Schintz, supra.

Each of the errors discussed requires a reversal of the judgment appealed from, and it is so ordered. Because it appears that no judgment of conviction was ever entered against appellee and that at or before the time he presented his purported appeal bond for approval the charge against him was dismissed, the county court was without appellate jurisdiction in the premises, and therefore without jurisdiction to award a mandamus herein, and this suit is ordered dismissed.