FELIPE ZUNIGA v. THE STATE.

No. 13414.   Delivered May 7, 1930.
Rehearing denied June 11, 1930.
Reported in 28 S. W. (2d) 822.

,The opinion states the case.

*M. J. Raymond* and *W. W. Winslow,* both of Laredo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for thirty-five years.

It was undisputed that appellant shot and killed Benito Ramon. Appellant was an inspector of the customs in Mexico. It does not appear that he was acquainted with deceased. Deceased was riding along a street in a buggy in the City of Laredo when appellant approached on a horse. Appellant cursed deceased and ordered him to stop. Deceased stopped and appellant shot him. Deceased died shortly thereafter. Omitting the formal parts, appellant's voluntary statement reads as follows:

"I came from Jarita, Nuevo Leon, Mexico, on September 13, 1929, to the celebration at Nuevo Laredo. I got to Nuevo Laredo, Mexico, at one o'clock early that morning and at one o'clock I

reported to the city hall in Nuevo Laredo. I rode my horse to my home on Juarez Avenue in Nuevo Laredo, Mexico. I am a customs inspector for the Mexican government, and I have held this office for ten years. I left my horse at my house and then started drinking. I got a bottle of aguardiente and drank that and at six o'clock Saturday morning, September 14, 1929, I saddled my horse and continued drinking again, and I continued drinking and drinking. I had in my possession forty Mexican pesos and I suppose I spent about one half of this for liquor, as I now have $21.75 Mexican pesos left. I was out having a good time. I do not remember whether any one else drank with me or not. I drank every kind of liquor. I did not use any drugs for I have never used any drugs. I did not use any marihuana because I never use marihuana. The only thing I used was liquor. I do not remember riding around the City of Laredo on my horse. I do not remember anything else until someone hit me over the head in Laredo, Texas. I do not remember shooting Benito Ramon or any other man, or shooting at any man. I was very drunk. I was off duty and I was out to have a good time, and I was celebrating the Mexican holiday. I understand everything clearly that I am now telling about."

Appellant offered many witnesses who testified that he had suffered from epilepsy from infancy. These witnesses stated that at times appellant would become insane. A physician testified that in his opinion appellant was insane at the time he shot deceased. The state offered no testimony controverting the fact that appellant suffered from epilepsy and that he was seized at times with fits of insanity. Evidence was offered by the state to the effect that appellant was drunk at the time he killed deceased. There was no contention made that appellant was permanently insane.

We are unable to reach the conclusion that the jury were not warranted in concluding that appellant was not temporarily insane at the time of the killing as a result of epilepsy. If they believed appellant's voluntary statement, his condition resulted from the voluntary recent use of intoxicating liquor.

The court defined malice aforethought as follows:

"Malice aforethought is the intentional doing of an unlawful act toward another without legal justification or excuse, and is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken."

Appellant timely objected to the foregoing charge on the ground that it did not state that malice aforethought was the voluntary and

intentional doing of an unlawful act with purpose, means and ability to accomplish the reasonable and probable consequences of the act. A special charge was presented to the court which defined malice aforethought as follows:

"Malice aforethought is the voluntary and intentional doing of an unlawful act, with purpose, means and ability to accomplish the reasonable and probable consequences of it, in a manner showing a heart regardless of social duty and fatally bent on mischief, by one of sound memory and discretion."

The court declined to amend the general charge, and refused to give the charge requested by appellant. In Collins v. State, 299 S. W. 403, we held it proper to instruct the jury that "malice aforethought is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken." The charge sought by appellant would have furnished no better guide than that contained in the court's charge. Appellant pointed out no defect in the definition given in the main charge. The definition contained in the requested charge was held inaccurate in Hayes v. State, 14 Tex. App. 330 and Cooper v. State, 250 S. W. 185.

The charge on insanity conforms to the form found in Willson's Texas Criminal Forms, 4th Edition, Section 929, which has been many times approved by this court. Appellant objected to the charge on the ground that it was not applicable to the facts. A special charge on the subject was presented to the court, and refused. There is nothing in the exception that would have pertinently called the court's attention to any error in the charge on insanity. The requested charge covers substantially the same matters found embraced in the instruction given by the court, with the exception that the special charge would have advised the jury that whether insanity be continuous or temporary is immaterial in its legal effect. The court's charge, as well as the requested charge, contained an instruction to the effect that the insanity must have existed at the very time of the commission of the offense.

The statute requires that objections to the charge be "in writing, distinctly specifying each ground of objection." Art. 658, C. C. P. We quote from Texas Jurisprudence, Vol. 4, page 81, as follows:

"Furthermore, in order that error in giving the charge may be reviewable, the defendant should distinctly specify the ground or grounds of objection with such particularity as will enable the judge to perceive and correct the error, if any has been committed. * * * If the objection is sufficiently definite to make reasonably apparent

to the judge the faults complained of it will be regarded on appeal as a substantial compliance with the requirements of the statute."

Appellant's objection was not sufficiently definite to make reasonably apparent to the judge that appellant desired a more comprehensive charge on the law of insanity. No reasons are assigned in the requested charges as to why it was deemed more appropriate than the one in the general charge of the court. The trial court could have legitimately considered the requested charge as a substantial repetition of his main charge on the issue of insanity. We quote from Boaz v. State, 231 S. W. 790:

"For the court to hold that the requesting of a special instruction, which the trial court could legitimately consider as a substantial repetition of his main charge, can take the place of an objection which should pertinently point out the matter complained of would virtually work a repeal of the statute."

See Bell v. State, 268 S. W. 168.

A careful examination of appellant's contention leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—An examination of appellant's motion for rehearing confirms our opinion that the legal questions have been properly disposed of. The facts impress one that appellant's conduct at the time he killed deceased was that of one not in a normal mental condition. Evidence in behalf of appellant explained it on the theory that he was afflicted with epilepsy which disease produced the condition of abnormality. The state's evidence explained it on the theory that appellant was drunk from the recent use of intoxicating liquor, which if it had caused temporary insanity would only mitigate the penalty. The jury evidently adopted the state's theory, which finding support in the evidence they had a right to do. For the same reason they might have adopted appellant's theory, but not having done so furnishes this court no sufficient reason for disturbing the verdict.

The motion for rehearing is overruled.

*Overruled.*