## IRA KELLY v. THE STATE.

No. 16305.   Delivered October 11, 1933.
Rehearing Denied November 8, 1933.
Reported in 63 S. W. (2d) 1024.

The opinion states the case.

*Russell F. Wolters* and *J. William Wisehart*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; penalty assessed at death.

The subject of the rape is Evelyn Dudley, alleged to have been a female under the age of fifteen years and not the wife of the appellant.

Appellant entered a plea of guilty which was duly received by the court. He gave testimony tending to show that he was under the influence of intoxicants at the time the offense was committed. According to his testimony, he drank twelve or fourteen bottles of home-brew and two bottles of "canned heat." Appellant had been a convict in Oklahoma and had been married three times. The evidence shows with his concurrence that he requested a kinsman, Robert Kelly, Jr., a youth twelve years old, to get some girls, appellant stating that he would give a picnic. Robert Kelly, Jr., had some boys in his company and two girls were invited by them. A lunch was produced by the appellant and consumed. A game of hide and seek was in progress. Appellant seized and forceably ravished Evelyn Dudley, who was twelve years old. It would be painful and useless to rehearse the details of the rape. Suffice it to say that in addition to the appellant's testimony there was proof evident of his act.

After appellant had testified to the circumstances under which he committed the rape, detailing the amount of liquor he claims to have consumed, the state called several doctors and submitted to them a hypothetical case embracing the testimony of the appellant as to his condition at the time of the commission of the offense and the cause of his condition as claimed by him, namely, the excessive use of intoxicants. There was elicited from the doctors the opinion, based upon a hypothetical case, that they would not regard the appellant as insane at the time of the commission of the offense. Other witnesses who saw the appellant before the commission of the offense testified that he did not appear to be drunk.

Objection is made in a single bill of exception to the reception by the court of evidence bearing upon the sanity of the appellant at the time of the alleged offense. Appellant having

given testimony in his own behalf to the effect that at the time of the offense he was under the influence of a quantity of intoxicants which he described and having testified that when he was arrested for raping the little girl he did not know that he had done so and that he only realized it after the officers had reminded him of it upon his arrest, it seems to have been imperative that the court instruct the jury upon article 36, P. C., 1925, from which the evidence is quoted:

"Evidence of temporary insanity produced by such use of ardent spirits may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried. When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquor, the judge shall charge the jury in accordance with the provisions of this article."

Such charge was given without protest or exception upon the part of the appellant. His testimony likewise presented an issue of fact which authorized the state, by competent evidence, to controvert the theory of temporary insanity due to the recent use of ardent spirits. In doing so, as above stated, it was competent for the state to recite the facts detailing the conduct of the appellant, as shown by the evidence, by way of hypothetical questions to the doctors who had shown their qualification to give an opinion upon such questions. See Tex. Jur., vol. 24, p. 421, sec. 39; vol. 19, p. 27, sec. 10, and p. 55, sec. 35; also P. C., art. 36; Zuniga v. State, 115 Texas Crim. Rep., 222; Perry v. State, 116 Texas Crim. Rep., 226; Underhill's Cr. Ev., 3rd Ed., p. 380, sec. 267.

In the motion for new trial appellant urged that the issue of temporary insanity by the recent use of ardent spirits was not raised, but that the testimony to which reference has been made bore only upon the question of the capacity of the appellant to enter a plea of guilty as controlled by article 501, C. C. P., 1925. In rejecting this view, it is thought that the action of the court was correct. The testimony bore on the penalty.

A careful examination of the record leads us to the conclusion that no matter is presented upon which this court would be authorized to reverse the judgment of conviction. An affirmance is therefore ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes his motion apparently on the ground that the verdict and judgment giving

him the death penalty is cruel and excessive punishment. He seems to be of the opinion that, because the physician, who examined prosecutrix after the alleged rape, said that her injuries would not be of a permanent nature, therefore the jury must have been affected by prejudice, or something other than testimony in affixing the death penalty. The jury were warranted in concluding appellant guilty of the offense of rape, as stated in our original opinion. We do not believe that it has ever been held that before the offense of rape can be properly punished by the infliction of death, it must appear that the victim was in some way physically injured to such an extent as to injure her for life, or something of that kind.

The motion for rehearing will be overruled.

*Overruled.*