### FRED V. RANGEL V. STATE

No. 33,668.   November 22, 1961
Motion for Rehearing Overruled January 10, 1962

*William J. Gillespie,* Lubbock, for appellant.

*George E. Gilkerson,* District Attorney, *George H. Nelson,* Assistant District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is indecent exposure to a minor child; the punishment, 3 years confinement in the penitentiary.

The state's evidence shows that the appellant was arrested around 4:30 P.M., on Christmas Day, 1959, at a theatre in the City of Lubbock by certain officers who had gone to the theatre to make an investigation. When the officers walked to where appellant was seated, they observed him pull the zipper up on his trousers.

The prosecutrix, 12-years of age, testified that on two separate days, December 24th and 25th, 1959, she went to the theatre with her 10-year old sister. She stated that on December 24th, they were seated in the middle section and appellant, while seated on the second row in front of them, was showing his "private piper" which she explained is what a man uses "to go to the rest room." She stated that appellant placed his hand upon his "private piper"; that she could see his private part and while he was so conducting himself, appellant was looking back "cutting his eyes" towards them and making a "hissing noise." The prosecutrix testified that when she and her sister returned to the show on December 25th, appellant was in the theatre and she again saw his "private piper" when her attention was directed to appellant making "sort of a hissing noise" through his teeth.

The prosecutrix's 10-year-old sister, upon being called as a witness, corroborated her testimony relative to appellant ex-

posing his private parts to them on both days, December 24th and 25th. The prosecutrix's 13-year-old brother testified that he was also in the theatre on December 24th and 25th. He testified that on December 25th, he say appellant "playing with his private parts" and at such time appellant made "funny noises" to get his sisters' attention.

Appellant, testifying as a witness in his own behalf, denied going to the theatre on December 24th; admitted going on December 25th, but denied exposing his private parts on such occasion. Appellant admitted that when arrested the zipper on his trousers was partially open, but explained that it was broken. Appellant testified as to his whereabouts on the afternoon of December 24th and called his wife and other witnesses to corroborate his testimony.

At the conclusion of the testimony the State elected to rely on the transactions occurring on December 25, 1959, and the court so informed the jury in his charge.

The indictment alleges that the offense was committed "on or about December 24, 1959."

The state was not bound by the date alleged in the indictment and could prove that the offense was committed before, on, or after the date alleged so long as the date was anterior to the presentment of the indictment and not barred by limitations. Madeley vs. State, 165 Tex. Cr. R. 351, 307 S.W. 2d 584.

The court further instructed the jury that the testimony admitted concerning the transactions on December 24, 1959, was admitted solely for the purpose of showing, if it did, the intent and identity of appellant at the time of the transaction of December 25, 1959, and the jury, if they considered such testimony, should consider it solely for the purpose for which it was admitted and for no other.

We are unable to agree that the court erred in refusing to instruct the jury that they could not consider the evidence relating to the transaction on December 24, 1959, for any purpose whatever. Such evidence was admissible on the question of appellant's intent and to rebut his testimony and theory that the exposure of his person on, December 25th, was by reason of a defective zipper and therefore unintentional. Sutton vs. State, 170 Tex. Cr. Rep. 617, 343 S.W. 2d 452. While the identity of

appellant was undisputed, an issue was made as to appellant's intent in the transaction on December 25th. The court by the charge properly limited the jury's consideration of the evidence to such issue of intent. Harvey vs. State, 57 Tex. Cr. R. 5, 121 S.W. 501.

Complaint is made to the court's action in overruling appellant's second application for continuance because of the absence of the witness, Pauline Barrientes. The application was not sworn to by appellant as required by Art. 545, V.A.C.C.P. and was by the court properly overruled. McCowen vs. State, 163 Tex. Cr. R. 587, 290 S.W. 2d 521.

We overrule appellant's contention that the evidence is insufficient to sustain the conviction because it does not show that he intentionally exposed his private parts to the prosecutrix. The testimony of the State's witnesses that at the time appellant was exposing his private parts, he was looking back toward the two young girls and making a "hissing" sound so as to attract their attention, was clearly sufficient to support the jury's finding that he knowingly and intentionally, with lascivious intent exposed his privates to the prosecutrix, as charged in the indictment.

The judgment is affirmed.

Opinion approved by the Court.