---

Jack Garrett, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Rufus J. Adcock, Ben H. Tompkins, Truman Power and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, enhanced by a prior conviction for burglary with intent to commit theft, life.

Trial was before a jury. Plea of not guilty was entered and the defense of insanity at the time of the offense was relied on.

The jury rejected the defense, found appellant sane at the time the robbery was committed and found him guilty.

Appellant having elected to have the jury assess the punishment, evidence was offered and the jury found that he was the same person previously convicted of burglary with intent to steal.

The state offered the testimony of witnesses who positively identified appellant

**Larry James SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42378.

Court of Criminal Appeals of Texas.

Dec. 3, 1969.

Rehearing Denied Feb. 4, 1970.

See also, 450 S.W.2d 871.

as being the man who at gun point robbed the complaining witness Joe Merlick, employee of a liquor store, of about $60 and two bottles of whiskey. The robbery was committed at the liquor store located at 206 W. Berry in Fort Worth about 8 P.M. on February 7, 1968, the date alleged in the indictment.

Appellant did not testify and offered no evidence other than in support of his defensive theory that by reason of "abnormal diffusion changes in his left temporal lobe" as a result of epilepsy in his early youth, and the "medical possibility that he was suffering from psychomotor epilepsy— would do acts that he would have no memory whatsoever of planning or executing," he was temporarily insane at the time of the robbery.

In rebuttal the state introduced testimony showing that on February 7, 1968, between 6:50 and 7:30 P.M., appellant committed a similar robbery of an employee of another liquor store in Fort Worth and at about 10 P.M. on the same night he robbed an employee of a Seven-Eleven Store in Fort Worth.

As grounds of error appellant's brief sets out his informal bills of exception all of which relate to the state's rebuttal testimony that appellant committed the two other robberies.

The court overruled appellant's motion to instruct the state not to attempt to prove any other offenses not named in the indictment and admitted the testimony as to the robberies committed by appellant on the same day, one before and the other after the robbery for which he was on trial, for the limited purpose of determining the sanity or insanity of the defendant at the time of the offense alleged against him in the indictment.

■ The testimony showing that from about 7 P.M. to 11 P.M. appellant in cooperation with others committed the series of robberies was admissible in rebuttal to the defensive theory that he was under psychomotor seizure at the time of the robbery for which he was on trial.

Upon the testimony that he acted normally and was able to voice directions to his confederates during the commission of the extraneous offenses the state offered the testimony of its psychiatrist that it would be incredible for a person to so act and do in the midst of a psychomotor epileptic seizure.

■ The fact that material evidence shows the commission of a separate offense will not suffice to reject it. Adams v. State, 95 Tex.Cr.R. 226, 252 S.W. 797; Wiggins v. State, 109 Tex.Cr.R. 195, 3 S. W.2d 811.

■ Evidence of the commission of other crimes is admissible to controvert a defensive theory advanced by the accused. 23 Tex.Jur.2d 300, Evidence—Sec. 195; 1 Branch's Ann.P.C.2d 200, Sec. 188.

We point out that the commission of the offense charged was established by undisputed evidence, as was appellant's identity as the person previously convicted of a like offense. The punishment applicable under Art. 62, Vernon's Ann.P.C. was life. The only defense offered was temporary insanity by reason of psychomotor epilepsy, upon which issue the testimony was admissible.

The court did not err in admitting the testimony showing the commission of the extraneous offenses.

We find no merit in the contention that the court erred in overruling appellant's motion for continuance, made orally at the time the court ruled that the evidence as to the other robberies was admissible on the ground of surprise.

The record reflects that in the jury's absence the court's attention was directed to the fact that indictments were pending for the other robberies and appellant's counsel herein had been appointed to represent appellant in each case.

The judgment is affirmed.