Gerald Ernest ASAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 43021.

Court of Criminal Appeals of Texas.

July 22, 1970.

**904**

Phillip Bordages, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Galveston; and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for indecent exposure to a child, denounced by Article 535c, Vernon's Ann.P.C.; the punishment, twelve years.

The case was tried before a jury on a plea of guilty. When the court called for his plea, appellant said nothing, and a plea of not guilty was entered for him.

The prosecutrix, a thirteen-year-old girl at the time of the offense, testified that appellant drove up in his car and was talking so that she could not understand him. She walked closer to the car so that she could hear and saw appellant moving his hand on his sexual organ, and he asked if she had ever seen anything like it. Appellant then drove near the twin sister of the prosecutrix and started talking to her and the prosecutrix then told the sister not to go near the car, and appellant drove away.

At this point of the trial, appellant expressed a desire to plead guilty, and after an extensive discussion and after the proper admonishment, the court permitted him to change his plea to guilty.

Appellant testified, apparently for mitigation of punishment, that he had been drinking the night before and on the day in question and that he did not remember the girl (the prosecutrix) and did not recognize her and did not remember what happened. He testified that he did urinate in the street while the car was moving, and he was afraid that the two girls who were some fifty or a hundred yards down the street had seen him. When asked if the exposure was accidental or unintentional, he replied that he did not know and stated that he did not know if he did it intentionally or unintentionally.[1] Evidence of the

---

1. At this point the court retired the jury and noted the inconsistency and discussed the advisability of withdrawing the plea of guilty. Counsel for appellant insisted on the plea of guilty and appellant agreed. Counsel correctly pointed out

that intoxication was not a defense, Article 36, V.A.P.C., (Although the matter is not raised on appeal, it should be noted that no change in the plea was required, see Whan v. State, Tex.Cr.App., 438 S. W.2d 918, and Kelly v. State, 124 Tex.

appellant's prior criminal record which included felony and misdemeanor convictions was introduced.

The sufficiency of the evidence is not challenged.

In his first ground of error, appellant contends that the trial court should not have allowed the prosecution to present evidence of an offense of like nature which occurred some two hours after the offense for which the appellant was tried.

The record shows that after appellant had testified, the court permitted a twenty-six year old woman who was a student at Lamar Tech in Beaumont to testify that at approximately two o'clock in the afternoon (some two hours after the offense alleged in the indictment) she was walking down the street to her car near the college when appellant drove close to her, stopped, asked her a question, and she then saw that he had his private parts in his hand. She testified that appellant did not appear to be intoxicated.

■ Appellant contends that a plea of guilty admits all elements of the offense charged and that the State is therefore precluded from introducing such evidence. The State's right to introduce evidence is not restricted by entry of a plea of guilty by the defendant, or by his admission of facts sought to be proved. Brookens v. State, Tex.Cr.App., 438 S.W.2d 577; Whan v. State, Tex.Cr.App., 438 S.W.2d 918; 56 Tex.Jur.2d, Trial, Sec. 130; Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869. There is no limit, either by statutory direction or judicial interpretation, upon the kind, character or amount of relevant testimony which the State may introduce upon a plea of guilty. Whan v. State, supra; Brooker v. State, 124 Tex.Cr.R. 562, 63 S.W.2d 1033.

■ Appellant argues that the testimony is irrelevant, and will not fall within any

exception to the rule prohibiting evidence of extraneous offenses. To the contrary, the testimony is admissible to rebut appellant's testimony that he was intoxicated. 23 Tex.Jur.2d, Evidence, Sec. 195, n. 17. See also Rangel v. State, 171 Tex.Cr.R. 620, 352 S.W.2d 275.

No error is shown; the first ground of error is overruled.

■ In his second ground of error, appellant asserts that:

"It was error for the Court to refuse the admission of the testimony of Bruce Millett, which testimony was that from his experience as a law enforcement officer, as an employee of the penal system of the state of Utah, and from his knowledge of the character of Gerald Ernest Asay, that a short term of imprisonment would be more likely to affect the reform of the accused than would a long term."

In Schulz v. State, Tex.Cr.App., 446 S.W.2d 872, this Court held that it was not error to prohibit a psychiatrist from testifying that a probated sentence would be more effective than a prison sentence. The trial court properly excluded such testimony.

Ground of error number two is overruled.

■ In his final ground of error, appellant complains of the jury argument of the prosecutor:

"But also sympathize with the wives and children of this county and state—I don't think they should be subjected, in a short time, to this defendant that goes out on public streets and conducts himself in obscene—in an obscene manner and says obscene things to wives and children. Gentlemen, I am asking you to lock him up for a long time to prevent

Cr.R. 579, 63 S.W.2d 1024), and he stated that appellant was saying he did not remember having an intent, but accepted the fact he had the intent based

upon the testimony that had been introduced. Appellant agreed to this statement and so testified before the jury.

him from doing that. I think his conduct and his actions warrant fifteen years in the penitentiary, the full amount."

Such argument was a discussion of the evidence and a proper plea for law enforcement. Villarreal v. State, Tex.Cr.App., 440 S.W.2d 74; Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471; and Henderson v. State, 163 Tex.Cr.R. 573, 295 S.W.2d 215. No error is shown.

██ The sentence reads that the confinement is for a term of "not less than two nor more than twelve years." Article 535c, V.A.P.C., provides that the penalty for such an offense shall be for any term of years not to exceed fifteen.

In applying our indeterminate sentence law, the sentence is reformed as provided for in Article 44.24, V.A.C.C.P., so as to fix appellant's punishment at "not less than one day nor more than twelve years."

As reformed, the judgment of conviction is affirmed.