**Robert Wayne CARTER alias Robert Wayne Tuck, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43286.**

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Rehearing Denied Jan. 27, 1971.

**621**

Wayne Bagley, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for indecent exposure to a female under the age of sixteen years, as denounced by Article 535c, Vernon's Ann.P.C. Three prior convictions for felonies less than capital were alleged for enhancement under Article 63, V.A.P.C. The punishment was assessed at life.

Appellant contends that the testimony of the fourteen-year-old prosecutrix is insufficient to support the conviction. The prosecutrix testified that while she was walking from a Toot 'N Totum store to her grandmother's house to get some grass clippers, she saw appellant drive by in a Mustang and make a U-turn. After she went to her grandmother's house, she and a nine-year-old girl started to her cousin's house when appellant drove up, stopped and ordered the prosecutrix to get in the car. She then saw that appellant had on no clothing and that he was playing with his private parts. He said in a somewhat crude way that he was going to have intercourse with her, and she exhibited the grass clippers and he drove away. She reported the incident and gave the license number of appellant's automobile to the police.

She picked a photograph of appellant out of a group of four that the officers showed her. Appellant and his counsel consented in writing to a lineup, and prosecutrix picked appellant out of a group of five men. She made a positive in-court identification of appellant.

The defense was that appellant could not have been present, because he was working at another place and did not get off work until later. The jury chose not to believe the defense testimony. The jury had before it sufficient evidence to conclude that appellant was guilty. See Rangel v. State, 171 Tex.Cr.R. 620, 352 S.W.2d 275.

Next it is contended that the trial judge committed reversible error while polling the jury at the penalty stage of the trial.

The jury found that appellant was the person previously convicted of the felony offenses as alleged in the indictment.[1] They were asked if this was their verdict, and one of the jurors answered, "It is mine, under the understanding I didn't have any other choice."

The court then stated that the juror did have a choice to believe or not believe the evidence that he was the same man, and "You have no choice except to say—." The juror interrupted: "He said he was the same. * * *"

It appears that the judge ascertained that the verdict was that of the juror, as well as the others, and complied with Article 37.05, Vernon's Ann.C.C.P., which provides for the polling of the jury.

No reversible error is shown.

The judgment is affirmed.

---

1. A fourth prior felony conviction was proved at the punishment hearing.