**McCoy JAMERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52063.**

Court of Criminal Appeals of Texas.

May 3, 1977.

Rehearing Denied May 25, 1977.

Melvyn Carson, Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Russell J. Ormesher, Frank W. Watts and Mike E. Schwille, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice under the former Penal Code. The jury assessed punishment at death. On February 15, 1974, the Honorable Dolph Briscoe, Governor of Texas, commuted the punishment to life. Appellant was sentenced on April 15, 1974 and then gave notice of appeal.

The sufficiency of the evidence is not challenged. The record reflects that Lottie Irene Waddle co-managed a service station in Irving. She was robbed and murdered at the station on February 4, 1970. A customer discovered her body shortly after 1 p. m. She had been shot four times in the back.

On February 6, 1970, appellant was arrested in Grand Prairie for public intoxication. He confessed to the murder of Mrs. Waddle. At that time he also confessed to participation in three other offenses: a murder on January 20, 1970 in Pantego; a robbery on February 3, 1970 in Grand Prairie; and a murder on February 4, 1970 in Grand Prairie.

By his first ground of error, the appellant contends that the court erred in admitting over objection the appellant's confessions to

the extraneous offenses along with other evidence of these crimes. The State urges that the evidence of the extraneous offenses was properly admitted to rebut the appellant's defensive theory. *Albrecht v. State*, 486 S.W.2d 97, 101 (Tex.Cr.App.1972).

The appellant attempted to raise the defense of insanity by showing that he was suffering from a mental disease or defect caused by chronic alcoholism. He introduced lay testimony to support this defensive theory. The only expert testimony adduced showed that appellant was sane at the time of the offense. The trial court charged on the issue of insanity as a defensive theory.

■ We must concern ourselves with whether the extraneous offenses had probative value in disproving appellant's defensive theory because if the extraneous offenses tend to disprove a defensive theory, they should be admissible. *Albrecht, supra.*

■ There may be some defensive theories which are incapable of being logically rebutted by the proof of an extraneous offense. For example, the fact that one woman was raped has no tendency to prove that another woman did not consent. *Caldwell v. State*, 477 S.W.2d 877 (Tex.Cr.App. 1972); *Jackel v. State*, 506 S.W.2d 229 (Tex. Cr.App.1974). It follows that the fact that two women were murdered while the appellant was apparently sane does not tend to prove that the third was murdered while he was not insane.

Furthermore, we stated in *Alvarez v. State*, 511 S.W.2d 493 (Tex.Cr.App.1973) that:

"... proof of an extraneous offense is in no way probative of appel-

lant's state of mind at the time of the killing in the instant case." *Id.*, at 495. [*Citing, Ford v. State*, 484 S.W.2d 727 (Tex.Cr.App.1972); *Rodriguez v. State*, 486 S.W.2d 355 (Tex.Cr.App.1972).]

We must sustain appellant's contention and reverse. None of the exceptions to the rule against the admission of extraneous offenses apply, including rebuttal of a defensive theory. *Albrecht, supra.*[1]

The judgment of the trial court is reversed and the cause is remanded.

DOUGLAS, Judge, dissenting.

Jamerson was convicted for murder with malice under the former penal code. Lottie Irene Waddle was robbed and murdered at a service station where she worked on February 4, 1970. Twenty-five dollars was taken from the cash drawer. Some of the station's inventory, including several containers of motor oil, STP and brake fluid, was also taken.

On February 6, 1970, appellant was arrested in Grand Prairie for public intoxication and placed in jail. His automobile contained several oil and STP cans. He confessed to the robbery-murder of Mrs. Waddle. He also confessed to participation in three other offenses: a robbery-murder on January 20, 1970 in Pantego; a robbery on February 3, 1970 in Grand Prairie; and a robbery-murder on February 4, 1970 in Grand Prairie.

Appellant executed a consent to search his residence. The murder weapon was found there.

In the instant case, appellant raised a defense of insanity resulting from chronic alcoholism. He introduced lay testimony to

---

1. Although not in force at the time of the instant offense, the new Penal Code provision which defines the defense of insanity supports the above reasoning. V.T.C.A., Penal Code, Section 8.01 provides:

"(a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

"(b) The term 'mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

Under Subsection (b) of the above-quoted statute, the Legislature has provided that a defendant may not establish the defense of insanity by showing that he is a criminal generally. Consequently, we should not allow the State to rebut the defense of insanity by showing that the defendant is a criminal generally.

support the defense. The sole expert witness testified that appellant was sane at the time of the offense. Appellant raised the issue of mental disease or defect caused by chronic alcoholism. The trial court charged on the issue of insanity as a defensive theory. Appellant complains that the court erred in admitting evidence of the other robberies where murders were committed.

The testimony of the three other robberies tended to defeat the defensive issue of insanity and were admissible. The trial court followed the correct rule.

*Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972), sets out when extraneous offenses may be admissible. There the Court wrote that they are admissible "(6) [t]o refute a defensive theory raised by the accused."

Insanity is a defensive issue raised by the accused in the present case. The evidence of the other robberies and murders committed in a like manner tends to defeat the defensive theory.

In *Asay v. State*, 456 S.W.2d 903 (Tex.Cr. App.1970), the conviction was for indecent exposure to a child. He testified that he was intoxicated at the time of the offense. The commission of another offense of like nature by him was proved. He contended that there was no exception to the rule prohibiting evidence of an extraneous offense. This Court held:

> ". . . To the contrary, the testimony is admissible to rebut appellant's testimony that he was intoxicated. 23 Tex.Jur.2d, Evidence, Sec. 195, n. 17. See also *Rangel v. State*, 171 Tex.Cr.R. 620, 352 S.W.2d 275."

This question is governed by *Sanders v. State*, 449 S.W.2d 262 (Tex.Cr.App.1969). In *Sanders*, the accused was convicted of robbery. At trial he advanced a defensive theory of temporary insanity by reason of a psychomotor seizure. On appeal, he complained of the admission of two other robberies. We affirmed and held the evidence was admissible to rebut the defensive theory of insanity.

What is the difference between the two cases and the present case? They should be distinguished or overruled.

No error is shown. The judgment should be affirmed.

ONION, P. J., joins in this dissent.