NO. 07-01-0268-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 22, 2002


______________________________



JEREMY L. PARCHMAN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-432,886; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and JOHNSON, JJ.

 Jeremy L. Parchman (appellant) appeals his conviction for murder. Among other
things, evidence admitted at trial revealed that appellant shot his roommate in the back of
his head as the roommate sat on the floor watching television. A jury subsequently found
appellant guilty of murder and sentenced him to life in prison. Two issues appear before
us. The first concerns whether the trial court erred by including in the punishment charge
an instruction discussing good conduct time when appellant was not entitled to same. The
second issue involves whether the trial court erred in refusing to grant a mistrial once it
sustained the appellant's objection to an aspect of the State's closing argument. We
affirm. 

Issue One-- Instruction On Good Time and Parole 


 Appellant contends that the good time / parole instruction included in the court's
punishment charge was error because he could not have received good time. We
disagree and overrule the contention.

 The instruction at issue mirrored that expressed in art. 37.07(4)(a) of the Texas
Code of Criminal Procedure. Furthermore, because appellant was found guilty of murder,
an offense encompassed in §3g(a)(1) of article 42.12 of the very same code, the statute
mandated that the trial court include the instruction in its charge. Tex. Code Crim. Proc.
Ann. art. 37.07, §4(a) (Vernon Supp. 2001). The mandate is clear and unequivocal. Thus,
by incorporating the instruction into the charge, the trial court complied with the law as
enacted by the legislature, and in complying with that law, it cannot be said its acts were
unlawful or erroneous. Liquis v. State, 997 S.W.2d 442, 443-44 (Tex. App.--Beaumont
1999, pet. filed) (holding that submitting the article 37.07, section 4(a) charge was not error
even though the appellant was allegedly unentitled to good time); Martinez v. State, 969
S.W.2d 497, 500-501 (Tex. App.--Austin 1998, pet. ref'd) (holding the same). Simply put,
a court that has followed express statutory directives cannot be said to have erred.

 As to the contention that incorporating the instruction into the charge when the
defendant cannot receive good time is unconstitutional, appellant waived same. Rule of
appellate procedure obligated him to accompany the contention with citation to authority
and substantive analysis. Tex. R. App. Proc. 38.1(h); Alvardo v. State, 912 S.W.2d 199,
210 (Tex. Crim. App. 1995). Merely concluding that something violates the constitution
neither fulfills this duty nor preserves the contention. Tong v. State, 25 S.W.3d 707, 710
(Tex. Crim. App. 2000). Appellant at bar having provided us with neither citation to
applicable authority nor substantive analysis of his suppositions viz the constitutionality
of art. 37.07, §4 and its mandate when good time is unavailable, he waived the contention.

Issue Two -- Refusal to Grant Mistrial


 Appellant next asserts that the trial court erred in denying him a mistrial after
sustaining his objection to argument by the prosecutor. The argument in question
consisted of the prosecutor stating, during closing at the punishment phase of the
proceeding, 

 "[a]s far as this defendant, do you ever, . . . in your life want to pick up a
newspaper and see that [appellant] got an attack rifle and went and shot
some people, killed someone else?"


Appellant objected to same, which objection the trial court sustained. So too did it instruct
the jury to disregard the comment. However, when asked to grant mistrial, the court
refused. Appellant believes that mistrial was required because the comment was so
inflammatory that its prejudicial effect could not reasonably be cured by an instruction to
disregard. We overrule the contention.

 The propriety of a jury argument must be assessed within the context in which it
appears. Moore v. State, 849 S.W.2d 350, 352 (Tex. Crim. App. 1993). Furthermore, the
Texas Court of Criminal Appeals held years ago that requesting the jury to harshly punish
a defendant to prevent him from "doing the same thing" in the future was a proper plea for
law enforcement. Kirkpatrick v. State, 515 S.W.2d 289, 293 (Tex. Crim. App. 1974); Asay
v. State, 456 S.W.2d 903, 905-06 (Tex. Crim. App. 1970). 

 Here, the theme of the State's closing centered upon "protection of our community." 
Indeed, the State said as much within the opening seconds of its argument. So too was
it endeavoring to persuade the jury to reject appellant's application for probation. It was
in this context that the State requested "harsh" punishment of the jury and uttered the
comment at issue. Given that context, the comment was no different than that found
appropriate in Kirkpatrick and Asay. As in the latter two cases, the State merely was
asking the jurors to punish appellant in a way that would prevent him from doing the same
thing in the future. Admittedly, the words used to convey that idea were not as direct as
they could have been. Nevertheless, that unquestionably was the thrust of the argument,
i.e., a plea for law enforcement as authorized by Kirkpatrick and Asay. 

 The comments being a legitimate plea for law enforcement, the trial court did not
err in refusing to grant a mistrial because they were uttered. Simply put, mistrial exists to
rectify improprieties found to be highly prejudicial and incurable via instruction. It does not
exist to correct lawful conduct. 

 Accordingly, we affirm the judgment entered below.


 Brian Quinn

 Justice


Do not publish.