**Johnny GILBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–92–00261–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 10, 1993.

David C. Guaderrama, El Paso County Public Defender, El Paso, TX, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, TX, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

OPINION

KOEHLER, Justice.

Appellant, Johnny Gilbert, was indicted and convicted of burglary of a vehicle. Punishment was assessed by the court at nine years' imprisonment. In two points of error, Appellant complains of the trial court's evidentiary rulings. We affirm.

The evidence at trial showed that the radio was taken from a Chevrolet automobile belonging to complainant, Henry Steven Dutchover, while the car was parked outside of the office building in which he worked, located in El Paso, Texas. Dutchover's co-worker, Fernando Jacobo, had observed Appellant and a companion from an office window, one of whom was breaking a window of Dutchover's vehicle and removing the stereo while the other person was standing nearby as a lookout.

Jacobo, believing the automobile belonged to Dutchover, immediately notified him of his observation. The two inspected the car and after having confirmed the burglary, set off in search of the burglars. They proceeded in an easterly direction, as Jacobo had observed Appellant and his companion walking east.

After examining an alleyway, Jacobo and Dutchover walked east down Paisano Street, where they saw Appellant and his companion walking in the same direction. Appellant and his companion then turned west heading toward Dutchover and Jacobo. When the two groups met, Jacobo grabbed Appellant "by the head" and Dutchover grabbed a workout-type bag that Appellant's companion was carrying. The latter person almost immediately started talking about a radio before either Dutchover or Jacobo mentioned the stereo stolen from Dutchover's vehicle.

■ By his first point of error, Appellant complains that reversible error occurred as a result of the trial court's ruling that testimony regarding the statement about the radio was admissible under the excited utterance exception to the hearsay rule. Over Appellant's objection, Jacobo testified [1] that after he had grabbed the head of Appellant, Appellant's companion said that he did not have their radio.[2] The State first offered this evidence outside the presence of the jury. The trial court eventually ruled the evidence admissible. When asked before the jury whether the statement by Appellant's com-

panion had been in response to a question posed by either Dutchover or himself, Jacobo responded that it had not.

■ Generally, a trial court is given broad discretion in deciding whether the proper foundation has been laid for the admission of evidence. *Smith v. State*, 683 S.W.2d 393, 404 (Tex.Crim.App.1984); *see* Tex.R.Crim. Evid. 104(a). This Court is responsible for deciding whether the trial court abused its discretion in allowing evidence. *Parks v. State*, 843 S.W.2d 693 (Tex.App.—Corpus Christi 1992, pet. ref'd).

Appellant argues that the evidence was not admissible as an exception to the hearsay rule under Tex.R.Crim.Evid. 803(2), which provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

.　　.　　.　　.　　.

(2) **Excited Utterance.** A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

This rule has its foundation on the belief that statements made as a result of a startling or exciting event are involuntary and do not allow the declarant an adequate opportunity to fabricate, thereby ensuring enough trustworthiness to fall outside the general rule against hearsay. *Parks*, 843 S.W.2d at 697.

■ In order to get a favorable ruling by the trial court, the proponent of evidence must show that there existed a startling event, that the declarant was dominated by the "emotions, excitement, fear, or pain of the event," and the statement related to the circumstances of the startling occurrence. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App.1992). The first prong is met by evidence that Appellant and his compan-

---

1. The statement of facts indicates that Dutchover testified to approximately the same chain of events as Jacobo. Appellant's brief, though, fails to identify either the statements or the conflict in Dutchover's testimony about who first raised the issue of the radio.

2. Appellant's companion is quoted by Jacobo as variously saying, "I ain't got no radio[,]" and "I ain't got your radio." Dutchover remembered it as one or the other of the two suspects saying, "[W]e don't have what your [sic] looking for. We don't have the radio."

ion, the declarant, were immediately confronted by two men, one of whom grabbed Appellant by the head, apparently placing him in a headlock. Clearly, the trial court was warranted in finding this to be a startling event.[3]

■ Additionally, the evidence indicates that although declarant "appeared cocky," which as Appellant contends may indicate declarant was not in a state of shock, the evidence as a whole is adequate to justify a finding that the "declarant was still under the emotional and physical stress of the assault when [he] made the statements...." *See McFarland*, 845 S.W.2d at 846. Outside the presence of the jury, the trial court considered the circumstances of the events:

[Appellant's Counsel] So that would further show that there was no stress or excitement if he voluntarily opened his bag and showed it to you?

[Jacobo] Well, you had to have been there to have seen the guy. The guy was doing a lot of talking ...

and:

[State] Mr. Jacobo, was the defendant startled when you put the hammer lock on him?

[Jacobo] He was kind of groggy looking. I don't know what the cause of that but he never said anything.

[State] Okay. How was the other person affected by what you were doing? Was he startled?

[Jacobo] Well, yes. I guess he was like you could say he was startled or excited and he got real defensive about it.

The evidence need only show that the declarant was affected by the event "so as to render the statement a spontaneous utterance." *Ward v. State*, 657 S.W.2d 133, 136 (Tex.Crim.App.1983). In this case, the facts warrant such a finding by the trial court.

Lastly, there exists no debate as to whether the statement was related to the circumstances of the startling occurrence. Solely as a result of Dutchover's loss, he and his co-worker, Jacobo, pursued and confronted Appellant and his companion, whose statement directly related to the subject of the loss, namely a radio. Thus, the trial court did not abuse its discretion in allowing the out of court statement into evidence under the excited utterance exception. We overrule Point of Error No. One.

Appellant argues in his second point of error that the testimony elicited above constituted hearsay not subject to any exception, including the coconspirator exception. We need not address this contention, however, because we believe that the statements were properly admitted under the excited utterance exception. TEX.R.CRIM.EVID. 803(2).

Finding no reversible error, we affirm the judgment of the trial court.

BARAJAS, Justice, concurring and dissenting.

While I am in agreement with the majority's holding, I find it necessary to respectfully dissent from the majority opinion.

The record more accurately establishes that on September 12, 1991, at approximately 3:30 p.m., Fernando Jacobo, an employee of the El Paso Electric Company was at his place of work when he observed two black males walking north and south on an adjacent city street "checking inside the cars." As he observed them through his second floor office window, he saw one of the males break the passenger side window of a car and lean into it. Although Jacobo was unable to see their faces because of the distance, he testified that he was able to identify the clothing worn by the two individuals. Upon seeing the car broken into, he inquired of a fellow employee, Steven Dutchover, whether his car was parked in a particular

---

3. Justice Barajas in a concurring opinion (labled *Concurring and Dissenting Opinion*) misses the point. The startling event was not the burglary of the auto and the taking of the radio, as he sees it, but was the event of Appellant and his accomplice being suddenly accosted by Jacobo and Dutchover with Jacobo putting a headlock on

Appellant. The statement "I ain't got your radio." was made immediately and was neither the result of reflective thought nor was it self-serving because Appellant, by his denial, was in effect admitting that he knew a radio had been taken before he was accused of taking it.

location. Upon confirming that the vehicle was indeed Dutchover's, he advised him that his car had just been broken into. Jacobo testified that he and Dutchover then proceeded to the car to investigate and noticed that there was glass on the curb along the passenger side window as well as the fact that his radio was missing. Jacobo and Dutchover proceeded in an easterly direction, the direction in which Jacobo last saw the two individuals walking. Approximately fifteen minutes later, the individuals, initially spotted walking east on Paisano Blvd., turned around and proceeded to walk in a westerly direction toward Jacobo and Dutchover. Jacobo testified that when they met up with the two individuals, he grabbed one by the head and asked him "where was the radio," while Dutchover approached the other individual and told them that they had been seen breaking into his car. Although neither Jacobo nor Dutchover asked the other individual any questions, the other individual blurted out "I ain't got your radio."[4] The evidence further shows that as Jacobo had one individual in a headlock, Dutchover grabbed a bag from the second individual. The second individual voluntarily emptied the contents of his bag onto the ground. No car stereo was found among the contents of the bag, and the two individuals were released. The police department was called, arrived at approximately 4:40 p.m., and with the aid of Dutchover, located the two individuals. Appellant and his companion were confronted by the police officers, the bag which they were carrying was searched, and Dutchover's car radio found among its contents.

The question central to the proper disposition of the instant appeal is whether under the above facts and circumstances, the statement "I ain't got your radio," is admissible as an excited utterance. While I disagree with the majority's analysis that the above statement is an excited utterance, I would nonetheless find the statement admissible.

A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the

event or condition is not excluded by the hearsay rule, even though the declarant is available as a witness. TEX.R.CRIM.EVID. 803(2). In that regard, there must be an occurrence or event sufficiently startling to render inoperative the normal reflective thought processes of the declarant, and, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought. McCORMICK ON EVIDENCE, 4th Edition, § 272 (1992).

The record in the instant case shows that a period of **fifteen** minutes elapsed between the time Appellant and his companion were seen breaking the passenger window to the complainant's vehicle, and the their confrontation with the complainant and Jacobo. During the confrontation, the blue gym bag which was in the possession of the perpetrators was searched, and no radio was found. What the perpetrators did with the complainant's radio during this fifteen minute period is not evident. What is known is that the radio was not in their possession when initially confronted, but was found in the same blue gym bag when ultimately stopped and searched by law enforcement officers, some ten minutes later.

I would hold that where the time interval between the initial event and the statement is long enough to permit reflective thought, the statement is not admissible in the absence of some proof that the declarant did not in fact engage in a reflective thought process. McCORMICK ON EVIDENCE, 4th Edition, § 272 (1992). As noted immediately above, the perpetrators enjoyed fifteen minutes in which to conceal the fruits of their misdeeds. The statement, "I ain't got your radio," was self-serving and was clearly the result of the declarant's reflective thought. The fact that the statement was the product of reflective thought is bolstered by the fact that the declarant performed the task of hiding the radio, an act in and of itself requiring reflective thought.

For the above reasons, I would hold that the trial court erred in admitting the above

4. The record shows conflicting testimony whether the statement regarding the radio was volunteered or made in response to an inquiry.

hearsay statement as an excited utterance. Nonetheless, the rule in our jurisdiction is that if the trial judge's decision is correct on any theory of law **applicable** to the case, it will be sustained. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Spann v. State,* 448 S.W.2d 128 (Tex.Crim.App. 1969); *Moreno v. State,* 170 Tex.Crim. 410, 341 S.W.2d 455 (1960); *Calloway v. State,* 743 S.W.2d 645 (Tex.Crim.App.1988). This principle holds true even though the trial judge gives the wrong reason for his decision, *Salas v. State,* 629 S.W.2d 796 (Tex. App.—Houston [14th Dist.] 1981, no pet.), and is especially true with regard to the admission of evidence. *Romero,* 800 S.W.2d at 543; *Dugard v. State,* 688 S.W.2d 524 (Tex.Crim.App.1985).

While the statement, "I ain't got your radio" may not be admissible as an excited utterance, the facts of the instant case would support admissibility of the identical statement as a statement by a coconspirator made during the course and in furtherance of the conspiracy.[5] TEX.R.CRIM.EVID. 801(e)(2)(E). I would nonetheless overrule Appellant's Point of Error No. One and affirm the judgment of the trial court.

---

5. TEX.R.CRIM.EVID. 801(e)(2)(E) provides that a statement by a coconspirator of a party made during the course and in furtherance of the conspiracy is not hearsay. Whether or not an agreement existed between Appellant and his lookout to commit the felony offense charged may be inferred from the acts of the parties. A fact finder could readily infer from the facts of the instant case that an agreement was entered into between Appellant and his companion to burglarize a vehicle while one of them served as a lookout, and the necessary overt act was performed in furtherance of that agreement. *See generally* TEX.PENAL CODE ANN. § 15.02 (Vernon 1974).