

# NUMBER 13-12-00073-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ASHLEY CHARLES BURRELL,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                 **Appellee.**

---

### On appeal from the 75th District Court
### of Liberty County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Ashley Charles Burrell challenges his conviction for aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). A jury found Burrell guilty and on its verdict, the trial court sentenced him to seventy-four years in the

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Texas Department of Criminal Justice. *See id.* § 12.32 (West 2011). By two issues, which we have renumbered, Burrell complains of: (1) the sufficiency of the evidence to establish his guilt; and (2) a jury argument made by the State during the sentencing phase of the trial.[2] We affirm.

## I. SUFFICIENCY OF THE EVIDENCE[3]

By his first issue, Burrell contends that the jury verdict should be set aside because the evidence did not establish that he was guilty of the offense charged.[4] Burrell specifically challenges the sufficiency of the evidence to establish the identity element of the offense—that he was the person who committed the aggravated robbery. *See id.* § 29.02 (West 2011) (providing, in relevant part, that a person commits robbery if the person, "in the course of committing theft . . . and with intent to obtain or maintain control of the property, . . . intentionally, knowingly, or recklessly causes bodily injury to another"); *id.* § 29.03(a)(2) (setting out that robbery is elevated to aggravated robbery when the person uses or exhibits a deadly weapon). Burrell argues that the evidence is insufficient because the State used only accomplice-witness testimony to directly link him to the robbery. Burrell claims that the testimony of Malcolm Jamal Brooks, an

---

[2] Burrell filed a reply brief on August 16, 2010, in which he challenged the timeliness of the State's brief that was filed more than thirty days after Burrell filed his brief. *See* TEX. R. APP. P. 38.6(b). However, after that deadline, we granted the State's motion to extend the time for filing its brief. *See id.* at R. 38.6(d). Therefore, it was timely filed and properly before this Court.

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See id.* at R. 47.4.

[4] Burrell asserts that he is challenging the factual sufficiency of the evidence to establish his guilt. Because the court of criminal appeals has concluded that there is "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* factual-sufficiency standard, and these two standards have become indistinguishable," we will address Burrell's issue as a sufficiency challenge under the *Jackson* standard. *See Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

accomplice, is suspect and unreliable because it was given in exchange for a twelve-year robbery sentence.

**A.     The Law**

In a sufficiency review, we consider the entire trial record to determine whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found the accused guilty of all essential elements of the offense beyond a reasonable doubt.   *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).   This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."   *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (quoting *Jackson*, 443 U.S. at 319); *see Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (plurality op.).

A conviction may not rest upon an accomplice's testimony unless the testimony is "corroborated by other evidence tending to connect the defendant with the offense." TEX. CODE. CRIM. PROC. ANN. art. 38.14 (West 2005).   "It is not necessary that the corroborating evidence directly connect the defendant to the crime or that it be sufficient by itself to establish guilt; it need only tend to connect the defendant to the offense." *Cathey v. State*, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999).

**B.     Discussion**

Brooks testified that he was with Burrell when the robbery of the Subway in Cleveland, Texas, was planned.   Brooks testified that he and Burrell participated in the robbery.   Brooks identified Burrell as the person on the Subway security video who was

3

wearing a red hoodie and who had a gun. Brooks was charged with aggravated robbery in this case. He pleaded guilty and received a twelve-year sentence.

The trial court provided the jury with the following accomplice-witness instruction:

> You are instructed that Malcolm Jamal Brooks was an accomplice in the offense that was committed, and you're instructed that you cannot find the defendant guilty upon the testimony of Malcolm Jamal Brooks unless you believe that there is other evidence in the this [sic] case outside the testimony of Malcolm Jamal Brooks tending to connect the defendant with the commission of the offense charged in the indictment. Then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

*See* TEX. CODE. CRIM .PROC. ANN. art. 38.14; *Cathey*, 992 S.W.2d at 462-63.

Contrary to Burrell's assertions, the record contains sufficient evidence to meet the "tending-to-connect" requirement. At trial, in addition to Brooks's testimony, the State offered the following non-accomplice evidence:

- One of the men at the Subway, described as a black male with the lower part of his face covered by a cloth, wore a red hoodie, pointed a gun at a Subway employee, took an unknown sum of money from the cash box, ran out the front door when a policeman arrived, and jumped into a BMW;

- The BMW sped off, turned right into an alley behind the Subway that dead-ended at a creek, also described as a drainage ditch;

- When the car became stuck, the men abandoned it and headed toward the creek and a Super 8 Motel on the other side of the creek;

- There was a trail of clothes from the BMW to the Super 8, including a red T-shirt near the getaway car, a brown hat, a black shirt, and a red hoodie found on a bush at the Super 8;

- A firearm was found along the creek bank where the police determined the suspects crossed;

- Approximately twenty minutes after the robbery occurred, two men were found lying on the ground by a dumpster on the other side of the creek near a McDonald's restaurant;

4

- The two men were dressed in basketball shorts, T-shirts, and tennis shoes—clothing thought to be inappropriate for the cold weather that night;

- One of the men was later identified as Burrell;

- Two pairs of jeans were found in the dumpster. The pants were soaking wet and money was found in the front pockets of one pair of jeans. Money was also scattered on the ground in that area;

- The two men were taken into custody as suspects in the robbery, and a few blocks away, a third male was detained for questioning;

- Burrell's white and black tennis shoes were collected when he was booked into the jail;

- Burrell's shoes were extremely wet with debris and vegetation on them, similar to that found in the ravine where the creek divides and runs through the mall;

- The Super 8 Motel security videos showed two black males coming from the creek area and running toward the McDonald's. Also shown was one man leaving a red hoodie at the motel; the red hoodie was later recovered by a police officer;

- Burrell's tennis shoes and the red hoodie recovered from the Super 8 Motel matched those seen on the Subway security videos;

- The defense offered testimony that Burrell had distinctive tattoos on his face and hands that were clearly visible; and

- The Subway employee saw no identifying markers on the gunman's hand and only had an opportunity to glance at his face before he told her not to look at him.

Based on the evidence outlined above, we conclude that there was some non-accomplice evidence that tended to connect Burrell to the offense. Because Brooks's testimony was corroborated by such evidence, the accomplice-witness rule was met, and the jury could have considered the testimony Brooks offered in determining Burrell's guilt. *See* TEX. CODE CRIM. PROC. ANN. 38.14; *Cathey*, 992 S.W.2d at 462-63. The jury was also free to resolve any conflicts in the testimony and to weigh the

5

evidence—specifically the testimony regarding Burrell's visible and distinctive tattoos and the employee's testimony that she saw no identifying marks on one of the men who robbed her—, and to draw reasonable inferences. *See Padilla*, 326 S.W.3d at 200.

Considering the entire trial record and viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that Burrell was the person who committed the aggravated robbery and, thus, was guilty of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. 307, 319; *Laster,* 275 S.W.3d at 517; *Williams*, 235 S.W.3d at 750. We overrule Burrell's first issue.

## II. JURY ARGUMENT

By his second issue, Burrell contends that statements made by the State during closing argument in the sentencing phase of the trial constituted error. Burrell asserts that error occurred when "the prosecutor argued to the jury to disregard the applicable law that the sentencing range began at not less than 5 years, and urged the jury to start right around 47 years and increase the sentence up."

## A. The Law

Generally, proper jury argument consists of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). In determining whether the State engaged in improper jury argument, we consider the entire argument presented and review the allegedly improper argument in the context in which it was made. *Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex. App.—El Paso 2001, pet. ref'd); *Parks v. State*, 843 S.W.2d 693, 695 (Tex. App.—Corpus Christi 1992, pet. ref'd). We do not consider only isolated sentences. *Rodriguez*, 90

S.W.3d at 364.

To preserve jury argument error, a contemporaneous objection must be made and an adverse ruling obtained. *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). A party is required to continue to object each time improper jury argument is offered. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc); *Briones v. State*, 12 S.W.3d 126, 129 (Tex. App.—Fort Worth 1999, no pet.); *see Valdez v. State*, 2 S.W.3d 518, 521-22 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

We review a trial court's ruling on an objection to a jury argument under an abuse of discretion standard. *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd); *see Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010).

## B. Discussion

Burrell challenges the following closing argument the State made:

> The range of punishment for a first[-]degree felony in the State of Texas is not less than 5 years and no more than 99 years or life. That's a 44 [sic] year span.[5] Take it right in the middle.
>
> I'm going to submit to you that the legislature gives us this wide latitude because if you start in the middle to punish somebody, if they have done good stuff you go down. If you start at the bottom and they do good stuff, you can't go down and give them credit for it.

Burrell objected, "Improper argument," and the trial court overruled the objection.

To the extent Burrell's objection, and now his argument on appeal, challenges the

---

[5] The range of punishment for a first-degree felony conviction is life or for any term of not more than ninety-nine years or less than five years. TEX. PENAL CODE ANN. § 12.32 (West 2011). It appears as if the State misstated the span between the least number of years and the most number of years that could have been considered. It stated that the span was forty-four years. By our calculation, the span between five years and ninety-nine years is ninety-four years. This is supported by the State's later argument that the jury should begin with forty-seven years, which would represent the middle of the applicable span of ninety-four years.

first paragraph of the State's argument, we conclude that the State correctly stated the range-of-punishment law and correctly reflected the jury-charge language.[6]  It did not argue that the jury should disregard the applicable law, as Burrell asserts.[7]  The trial court did not abuse its discretion in overruling Burrell's objection in this regard.  *See York*, 258 S.W.3d at 717.

Instead, the State argued that the jury should apply the applicable law, starting in the middle of the punishment range at forty-seven years and decreasing the sentence for any "good stuff" and increasing the sentence for any "bad stuff."  After Burrell's first objection, the State repeated this language.  On one occasion, the State suggested that the jury start at forty-seven years and consider decreasing the sentence because Burrell had sick relatives and others who needed him.  On four occasions, the State asked the jury to consider starting at forty-seven years and increasing the sentence because of, for example, Burrell's past convictions.  The State also informed the jury that it was not asking for a life sentence; instead, it was asking for ninety-nine years.  Burrell did not object further.  Because Burrell did not object each time this argument was made after the trial court overruled his initial objection, he failed to preserve his right to complain of the State's forty-seven year argument on appeal.  *See Cockrell*, 933 S.W.2d at 89.

---

[6] The jury was instructed as follows:  "Our law provides that an individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 5 years."

[7] Burrell relies on *Whiting v. State* as support for his argument that the State argued a misapplication of the law.  *See* 797 S.W.2d 45, 48 (Tex. Crim. App. 1990).  In *Whiting,* throughout closing argument, the prosecutor repeatedly injected misstatements of the law on self-defense, without correction by the court.  *Id.* at 46-48.  On appeal, the court of criminal appeals held that "there was error committed by the State's deliberate and repeated misstatements of the burden of proof on the issue of self-defense" during closing argument and that the trial court erred in overruling Whiting's objections.  *Id.* at 48.  In this case, the State argued for a long prison term; it did not misstate the law.  Thus, *Whiting* is distinguishable from the facts of this case and provides no support for Burrell's contention.

Even had Burrell preserved error, a jury argument may, among other things, include responses to opposing counsel's argument and pleas for law enforcement. *See Jackson*, 17 S.W.3d at 673-74. In this case, the final statement made by Burrell's counsel in his closing argument was, "So, we ask that you sentence him on the lower end of the sentencing range, and we would like to once again thank you for your time today." The State responded with the complained-of language. *See id.* In addition, the State's request that the jury start at some number higher than the minimum could be characterized as a plea for law enforcement. *See Vanderhorst v. State*, 821 S.W.2d 180, 186 (Tex. App.—Eastland 1991, pet. ref'd) (ruling that the prosecutor's request for the jury to "not give him less than 12 years, you ought to go higher than that" on a range of punishment of two to twenty years was "a legitimate plea for law enforcement"); *see also Asay v. State*, 456 S.W.2d 903, 905-06 (Tex. Crim. App. 1970) (concluding that the prosecutor's closing argument that "I think his conduct and his actions warrant fifteen years in the penitentiary, the full amount," was a proper plea for law enforcement); *Parks*, 843 S.W.2d at 696 (setting out that "the evidence of many prior crimes and four earlier convictions supported the inference that appellant would commit future crimes if he was not incapacitated by a long prison term" and concluding that "this argument is fairly characterized as a plea for law enforcement and a reasonable deduction from the evidence"); *Alvarenga v. State*, No. 14-11-00508-CR, 2012 Tex. App. LEXIS 2703, *6-7 (Tex. App.—Houston [14th Dist.] April 5, 2012, no pet. h.) (mem. op., not designated for publication) (concluding that counsel was not ineffective when he did not object to the State's argument that a jury begin their deliberations at thirty or forty years imprisonment because that argument was a plea for law enforcement). Burrell's attorney argued, as

9

authorized by the charge, that the jury should sentence Burrell on the lower end of the sentencing range. The charge permitted the State to argue for a higher range of punishment. This was a legitimate plea for law enforcement, and the trial court did not abuse its discretion in overruling Burrell's objection, if it did so on this basis. *See Jackson*, 17 S.W.3d at 673-74.

Considering the entire argument presented and reading the allegedly improper argument in the context in which it was made, *see Rodriguez*, 90 S.W.3d at 364; *Parks*, 843 S.W.2d at 695, we conclude the trial court did not abuse its discretion in overruling Burrell's objection. *See York*, 258 S.W.3d at 717; *see also Davis*, 329 S.W.3d at 823. We overrule Burrell's second issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.