

# NUMBER 13-11-00182-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JESUS COLUNGA,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

## On appeal from the County Court at Law No. 2
## of Hidalgo County, Texas.

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Jesus Colunga challenges his conviction for theft of property from $50 to $500, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2011).

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

A jury found Colunga guilty, and on its verdict, the trial court sentenced Colunga to 180 days in the Hidalgo County jail. By four issues, which we reorganize as three, Colunga complains of: (1) the sufficiency of the evidence to support his conviction; and (2-3) error in the State's closing argument. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

By his first issue, Colunga contends that the evidence is insufficient to support his conviction. On appeal, Colunga asserts that "[t]his case is about improper jury arguments by the State which misled the jury and brought about a wrongful conviction based on legally insufficient evidence under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, vis-à-vis, *Jackson v. Virginia*, 443 U.S. 307 (1979)." Providing only two record cites, the first to an undated receipt allegedly signed by Adan Garza when he sold two lawnmowers to Colunga for $50 and the second to Colunga's mother's trial testimony stating that she and Colunga "sell things at the flea market," Colunga claims these facts support his defensive theory that he purchased the lawnmower and the skateboard from Adan Garza and did not steal them. Colunga argues that the State did not disprove his defensive theory and that the State offered no evidence that he did not purchase the items. Colunga concludes his argument by stating that "[t]he evidence against [him] is legally insufficient under <u>Jackson</u> to sustain this conviction."

In accordance with rule 38.1(i) of the Texas Rules of Appellate Procedure, we will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i); *Rhoades*

*v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (en banc). Although Colunga cited to *Jackson*, he offered no further citation to authority regarding either his burden of producing some evidence to support his defense or the State's ultimate burden of persuasion to disprove his defense beyond a reasonable doubt. *See Zuliani v. State*, 97 S.W.3d 589, 594-95 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1992) (en banc) (distinguishing the standard of review with regard to defensive claims in which the State bears the burden of persuasion and affirmative defenses in which the defendant bears the burden of proof). Colunga also failed to present any argument applying *Jackson v. Virginia* to the facts allegedly supporting his defensive theory. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.) (eliminating factual sufficiency review). In addition, Colunga provided no other record citations for our review. *See* TEX. R. APP. P. 38.1(i). Colunga does not set forth the elements of the offense that he challenges, and he does not provide any argument, record citations, or substantive analysis as to why the evidence is insufficient to support any of the elements of those offenses. *See id.* Therefore, we conclude that this issue is inadequately briefed. *See id.*; *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) (holding a factual sufficiency claim that merely includes a general discussion of the evidence but fails to include any argument as to how or why the evidence is insufficient under a factual sufficiency standard is inadequately briefed); *Dornbusch v. State*, 156 S.W.3d 859, 872 (Tex. App.—Corpus Christi 2005, pet. ref'd) (concluding that legal and factual sufficiency issues were waived where they were inadequately briefed); *Long v. State*, 137 S.W.3d 726, 737 (Tex. App.—Waco 2004, pet.

3

ref'd) (waiving the legal sufficiency issue because it was inadequately briefed); *Hutto v. State*, 977 S.W.2d 855, 858 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding where no argument is presented on how the evidence is insufficient, nothing is preserved for review).   We overrule Colunga's first issue.

## II.  JURY ARGUMENT

By his second and third issues, Colunga contends that statements made by the State during its closing argument constituted error.

### A.    Witness-Does-Not-Exist Argument

Colunga first complains of the following argument:

> It wasn't until [Colunga] got those receipts that we learned that Mr. Adan has a last name, Garza.   Any why—why—why—is it—why is it, ladies and gentlemen of the jury, that—that is the first we ever hear of Adan Garza.   Why is it that this is the first we ever hear of Adan Garza.   Why is it that this is the first we ever hear of Adan Garza in a receipt?   Common sense tells us Adan Garza does not exist.

Colunga's contention on appeal is that the State improperly argued that Colunga invented his defense and that he should not be believed.   Colunga did not make these objections to the trial court and, therefore, did not preserve this challenge for our review. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (noting that a defendant's failure to object to a jury argument forfeits his right to complain about the argument on appeal); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992) (explaining that to preserve jury argument error, a contemporaneous objection must be made and an adverse ruling obtained).

### B.    Witnesses-Not-Subpoenaed Argument

Colunga also complains of the following argument made by the State:   "Let's talk

4

a little bit about . . . Mr. Colunga's business.  His mother contradicted herself.  He has no business information.  Investigator Sandell confirmed with the flea market that they don't know who Jesus Colunga is.  Mr. Jesus Colunga hasn't subpoenaed any customers.  We can't find customers."  Defense counsel objected that the State was shifting the burden of proof to the defense by arguing that Colunga had not subpoenaed any customers.  The trial court overruled the objection.

### 1.  The Law

Generally, proper jury argument consists of:  (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement.  *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).  In drawing inferences from the evidence, attorneys have wide latitude as long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).  The jury is free to accept or reject the conclusions and inferences suggested by the attorney in closing argument. *See id.* at 400.

We review a trial court's ruling on an objection to a jury argument under an abuse of discretion standard.  *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd); *see Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010).  In determining whether the State engaged in improper jury argument, we consider the entire argument presented, reviewing the allegedly improper argument in the context in which it was made.  *Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex. App.—El Paso 2001, pet. ref'd); *Parks v. State*, 843 S.W.2d 693, 695 (Tex. App.—Corpus Christi 1992, pet. ref'd).

5

## 2. Discussion

We first note that before the complained-of argument, the State argued the following:

> And then we have the million-dollar question. Who is Adan Garza? Who is he? Where does he live? What does he look like? Does he have a phone number? Does he even exist? The answer to all this is we don't know. And we don't know because Adan Garza doesn't exist. There is no Adan Garza. He wasn't produced here. We have no idea who he—there is nothing. He could have been subpoenaed. Where is he? We don't know. We have no idea.

Colunga did not object. Because Colunga did not object each time the State made its failure-to-subpoena argument, he failed to preserve his right to complain of this argument on appeal. *See Estrada*, 313 S.W.3d at 303; *Cooks*, 844 S.W.2d at 727.

Even had Colunga preserved error, a jury argument may include responses to opposing counsel's argument and reasonable inferences or deductions from the evidence. *See Jackson*, 17 S.W.3d at 673-74. In closing, Colunga argued, as his defensive theory, that he bought the stolen items from Adan Garza. In its final closing argument, the State referenced defense counsel's subpoena power and his failure to subpoena witnesses. The trial court could have concluded that the State was responding to opposing counsel's argument. *See id.* at 673. In addition, the State's reference to Colunga's failure to subpoena witnesses, including Adan Garza, could have enabled the jury to make the reasonable inference that Colunga had not subpoenaed Adan because he did not exist. *See id.*; *Gaddis*, 753 S.W.2d at 398. The jury was free to accept or reject this inference suggested by the prosecutor. *See Gaddis*, 753 S.W.2d at 400. This complained-of argument fell within the permissible areas allowed in closing

6

argument. *See Jackson*, 17 S.W.3d at 673.

In addition, the prosecutor's argument did not amount to a prohibited reference to a defendant's failure to testify. The court of criminal appeals has "held that the prosecutor may comment on the defendant's failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify." *Jackson*, 17 S.W.3d at 674 (citing *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995) (en banc); *Livingston v. State*, 739 S.W.2d 311, 338 (Tex. Crim. App. 1987)). In his remarks regarding subpoena power, the prosecutor's statements clearly named the type of witnesses the prosecutor had in mind—Colunga's customers, one of whom Colunga claimed was Adan Garza. *See Livingston*, 739 S.W.2d at 338. The remarks did not refer to some particular aspect of the case that only Colunga's testimony could refute. *See id.* The prosecutor's complained-of comments did not fault Colunga for not testifying and did not amount to a prohibited reference to Colunga's failure to testify. *See id.*; *see also Banda v. State*, No. 13-10-00579-CR, 2012 Tex. App. LEXIS 458, at *21-22 (Tex. App.—Corpus Christi Jan. 19, 2012, pet. ref'd) (mem. op., not designated for publication).

Considering the entire argument presented and reading the complained-of argument in the context in which it was made, *see Rodriguez*, 90 S.W.3d at 364; *Parks*, 843 S.W.2d at 695, we conclude the trial court did not abuse its discretion in overruling Colunga's objection because the prosecutor's argument was proper. *See York*, 258 S.W.3d at 717; *see also Davis*, 329 S.W.3d at 823. We overrule Colunga's second and third issues.

7

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of August, 2012.