AFFIRMED; Opinion Filed January 28, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00025-CR

### ELISANDRO GRANADOS ARAGONEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-13169-Q**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Lang

Elisandro Granados Aragonez pleaded guilty to aggravated assault with a deadly weapon. In

four issues on appeal, Aragonez claims the trial court erred in overruling his objections to allegedly

improper statements made by the prosecutor during closing argument at his punishment hearing. We

decide against Aragonez on all issues on appeal. Because all dispositive issues are clearly settled in

law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A grand jury charged Aragonez by indictment with the first-degree felony offense of

aggravated robbery. The trial court granted the State's motion to reduce the charge to aggravated

assault with a deadly weapon, a second-degree felony. Aragonez executed a judicial confession, entered an open plea of guilty to the reduced charge, and elected to have a jury determine his punishment. The jury assessed punishment at 10 years' imprisonment.

## II. STANDARD OF REVIEW & APPLICABLE LAW

"The standard of review for improper jury argument is abuse of discretion." *Walker v. State*, No. 05-08-01134-CR, 2009 WL 3353627, *2 (Tex. App.–Dallas Oct. 20, 2009, no pet.) (mem. op., not designated for publication) (citing *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)). Further, the Texas Court of Criminal Appeals has concluded, "It is the duty of trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) (quoting *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973)). "Thus, proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Id.* (citing *Alejandro*, 493 S.W.2d at 231; *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999)). "A prosecutor may not use closing arguments to present evidence that is outside the record." *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1099. "Improper references to facts that are neither in evidence nor inferable from the evidence are generally designed to arouse the passion and prejudice of the jury, and as such, are inappropriate." *Id.* (citing *Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990)).

## III. APPLICATION OF LAW TO FACTS

In his first issue, Aragonez argues "the prosecutor injected her personal opinion about [a witness's] credibility during her closing argument to the jury" by referring to the complainant as "a credible witness." In her closing argument, the prosecutor made the following statements:

STATE: . . . They brought you–they want to talk about, they want to shift your focus on poor [complainant]. He's the victim here; he's not on trial. They brought you no evidence of this alleged affair between the Defendant and his wife. The only thing you heard about is rumors. Have you heard anything else beyond that, besides rumors? And even if that were to be true–and I submit to you, ladies and gentlemen, that you can believe [the complainant]. He's a credible–**he was a credible witness** . . .

DEFENSE: I object to the–

STATE: –and he–

DEFENSE: –bolstering testimony.

THE COURT: Overruled.

The record shows the complainant testified there were untrue rumors that the complainant had an inappropriate relationship with Aragonez's wife. Defense counsel called Aragonez's two sisters to testify that complainant had an inappropriate relationship with Aragonez's wife. The two sisters also disputed the complainant's testimony that they threatened to divorce their husbands, the complainant's brothers, if the complainant did not drop the charges against Aragonez. In fact, on cross-examination, one of Aragonez's sisters stated that the complainant's testimony as to the threats was a lie. In defense counsel's jury argument subsequent to the prosecutor's statement regarding the complainant's credibility, he characterized Aragonez's attempts to shoot the complainant as protecting the honor of his family. Considering the prosecutor's argument in the context of where it appears, we conclude the prosecutor's statement as to the complainant's credibility to have been made as part of a summary of the evidence that the defendant had presented and was a permissible argument based on a summation of, and a reasonable deduction from, the evidence at trial. *See Richards v. State*, 912 S.W.2d 374, 379-80 (Tex. App.–Houston [14th Dist.] 1995, pet. ref'd) (prosecutor's statement that "the only person who testified completely truthfully in my opinion in this case and did not make a single mistake was [the complainant]" was a reasonable deduction from

the evidence and a summation of evidence in light of the defense strategy to attack the credibility of the complainant).

In his second, third, and fourth issues Aragonez argues "the prosecutor made multiple statements during closing argument that injected new facts from outside the record: (1) that Appellant could have killed [the complainant] or somebody else; (2) that the offense committed was really much closer to the next range of punishment; and (3) that [the complainant] was very close to death as a result of the shooting." The specific statements by the prosecutor of which Aragonez complains are as follows:

> STATE: And what happened to that other bullet that didn't hit [the complainant]? It could have hit anybody that was over there. This is broad daylight, ladies and gentlemen. You can't just go into broad daylight, shooting guns in the middle of a busy street. I mean, look at–when you go back there, look at State's Exhibit 10. Look at the cars that are on the road. Look at the people that are just walking on the sidewalk. What if this little boy had just been there 30 minutes earlier when there's [sic] bullets flying around?
>
> DEFENSE: That just calls for speculation on their part, Your Honor.
>
> THE COURT: Overruled.
>
> . . .
>
> STATE: That is a reasonable inference, ladies and gentlemen. He was reckless. He was intentional with respect to [the complainant], but he just goes out there, shooting people. Being reckless about where he's shooting. **Could have hit somebody else. Could have killed [the complainant] or somebody else.** And we are so close that that's what–
>
> DEFENSE: I'm going to object. She's arguing extraneous offenses that just never happened.
>
> STATE: Judge, that's a reasonable inference–
>
> THE COURT: I'm not asking for argument, [prosecutor].
>
> STATE: Okay.

–4–

THE COURT: Let me read.

(Brief pause in proceedings.)

THE COURT: Overruled.

. . .

THE STATE: And as [the other prosecutor] was trying to explain to you, **this is so close to that next range of punishment, right? Because what would have happened if he had died? We'd be into that next range of punishment–**

DEFENSE: I'm going to have to object, Your Honor. That didn't happen. And that's arguing an extraneous offense that did not occur.

THE COURT: [Defense counsel], you've had an opportunity to argue. Your objection is overruled.

. . .

STATE: And as much as you may not want to believe it, ladies and gentlemen, **this was very close to death. What I'm trying to explain to you, somebody could have died.** That is a realistic, reasonable inference.

DEFENSE: I'm going to object to that one more time. No one died. Didn't get close either.

THE COURT: I don't want argument, [defense counsel]. If you have a legal objection, then make it.

DEFENSE: Object to her arguing extraneous offense that did not occur.

THE COURT: Overruled.

The record reflects that while a passenger in the complainant's vehicle, Aragonez drew a handgun, ordered the complainant to drive to a park, and shot the complainant in the arm after he refused Aragonez's order. When the complainant fled his vehicle, Aragonez got out and fired two more shots at the complainant as he ran towards a nearby apartment complex. The complainant testified one of the two subsequent shots hit him in the leg and that he feared Aragonez was going to kill him. The State contends, in essence, that had the complainant or any person in the apartment

complex died as a result of the offense, Aragonez could have been charged with murder, a first-degree felony offense punishable by imprisonment for life or for a term from five to ninety-nine years. *See* TEX. PENAL CODE ANN. §§ 12.32(a); 19.02(c) (West 2011). Based on the evidence in the record, we conclude the prosecutor made a reasonable deduction from the record to say that Aragonez could have killed someone, "this is so close to that next range of punishment," and someone could have died. *See Porter v. State*, 601 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1980) (upholding prosecutor's statement "people can be killed in armed robberies" as a reasonable deduction from the evidence of the appellant's use of a firearm, even though no one was killed in the incident); *Parks v. State*, 843 S.W.2d 693, 694-95 (Tex. App.–Corpus Christi 1992, pet. ref'd) (concluding prosecutor's statement that "[t]his is the type of person, had not the police shot this guy, that we would have pictures of a dead police officer and we would be trying a death sentence case" was proper as a reasonable deduction from the evidence that the appellant ran towards the officer with a knife screaming to "get [him]" and "let's end it now!"). We conclude the trial court did not err in overruling appellant's objections.

## IV. CONCLUSION

We decide Aragonez's four issues against him. The trial court's judgment is affirmed.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120025F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELISANDRO ARAGONEZ, Appellant

No. 05-12-00025-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F08-13169-Q).
Opinion delivered by Justice Lang, Justices Moseley and Francis participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered January 28, 2013.


_____
DOUGLAS S. LANG
JUSTICE